NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABEL SALAZAR-VASQUEZ, AKA
George Babaciari, AKA Abel Salazar,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-74111

Agency No. A087-595-572

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:   BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Abel Salazar-Vasquez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and cancellation of

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

removal.   Our jurisdiction is governed by 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings.   *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).   We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Salazar-Vasquez's past mistreatment did not rise to the level of persecution.   *See Gu v. Gonzalez*, 454 F.3d 1014, 1020-21 (9th Cir. 2006).   Substantial evidence also supports the agency's determination that Salazar-Vasquez did not establish a well-founded fear of future persecution because he failed to establish that any harm would be inflicted by individuals the government is unwilling or unable to control. *See Rahimzadeh v. Holder*, 613 F.3d 916, 923 (9th Cir. 2010).   Thus, we deny the petition as to Salazar-Vasquez's asylum claim.

Because Salazar-Vasquez failed to establish eligibility for asylum, his withholding of removal claim necessarily fails.   *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1082 (9th Cir. 2011).

We lack jurisdiction to consider any contention as to the merits of Salazar-Vasquez's claims for humanitarian asylum and CAT because he did not exhaust them before the BIA.   *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir.

12-74111

2004) (court lacks jurisdiction to review claims not presented to the agency).

Finally, we also lack jurisdiction to review the agency's discretionary determination that Salazar-Vasquez failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal, *see* 8 U.S.C. § 1252(a)(2)(B)(i); *Mendez-Castro v. Mukasey,* 552 F.3d 975 (9th Cir. 2009); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003), and Salazar-Vasquez does not raise a colorable constitutional claim or question of law which this court may review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**